UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CT-3093-BO

| | | |
|---|---|---|
| SEBASTIAN X. MOORE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| THEODIS BECK,[1] | ) | |
| Defendant. | ) | |

Plaintiff, a state inmate, filed this 42 U.S.C. § 1983 civil rights action. Defendant, Theodis Beck, is before the court pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure with a motion to dismiss for failure to state a claim (D,E, 21). Plaintiff has responded to the motion, and plaintiff has also filed both a motion for entry of default (D.E. 15) and a motion for judgment on the pleadings (D.E.25). Parties have briefed and responded to all pending motions. The motions are ripe for determination.

On May 24, 2012, plaintiff filed this complaint (D. E. 1) asserting claims of interference with the constitutional right of access to the courts. The complaint is a re-filing of <u>Moore v. Beck</u>, No. 08-CT-3017-FL, which was involuntarily dismissed without prejudice for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), 42

---

[1]Theodis Beck is no longer the Secretary of Correction, however, "an action does not abate when a public officer who is a party in the official capacity . . . resigns, or otherwise cease to hold office while the action is pending. The officer's successor is automatically substituted as a party." Fed. R. Civ. P, Rule 25(d). The Secretary of the North Carolina Department of Public Safety is currently Kieran J. Shanahan. Furthermore, effective January 1, 2012, the State of North Carolina reorganized and consolidated a number of executive agencies. The Department of Correction was subsumed into the Department of Public Safety and is now the Division of Adult Correction. See N.C. GEN STAT. §§ 143B-600(a)(1), -700 (2011).

U.S.C. § 1997e(a). (Id. at 5; see also No. 08-CT-3017-FL, Order of 14 December 2012, D.E. 77.)

Plaintiff, an inmate in the custody of the North Carolina Department of Correction ("DOC"),[2] makes claim that he has twice been denied his right of access to the courts. Plaintiff names as defendant Theodis Beck as the Secretary of Correction. Beck is now the former secretary.

Plaintiff's first claim is that Beck who was a party in Moore v. North Carolina Department of Correction, No. TA-18863 ("Moore I"), allegedly failed to settle the record on appeal after plaintiff appealed its dismissal. (D.E. 1 at 5.) Moore I was a tort claim action heard before the North Carolina Industrial Commission ("NCIC"). Plaintiff's second claim is that Beck allegedly failed to have a secondary method to provide inmates access to the courts when North Carolina Prisoner Legal Services ("NCPLS") refuses to provide representation arising from a conflict of interest. (Id.)

A motion pursuant to 12(b)(6) determines whether a claim is stated, not the resolution of factual contests, the merits of a claim, or the applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted

---

[2] This case arose before the reorganization of the Department of Correction ("DOC") as discussed in footnote 1, and the reference to DOC shall remain.

inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

The decision whether to settle the record on appeal was not Theodis Beck's decision to make. Under North Carolina law when an appellee does not respond to an appellant's proposed record on appeal, "appellant's proposed record on appeal thereupon constitutes the record on appeal" and it is settled by operation of law. Rule 18(d)(2), N.C. R. APP. P. The first claim is therefore dismissed.

Secondly, NCPLS and the system implemented in North Carolina's prison system has been found to satisfy the inmates' constitutional right of access to the courts as required by Bounds v. Smith, 430 U.S. 817, 823 (1977). See, e.g., Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995). Likewise, the court notes that to establish the denial of access to courts, a prisoner must show "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim" See Lewis v. Casey, 518 U.S. 343, 348 (1996) ( (citation and internal quotation marks omitted)). Here, plaintiff simply argues that he is displeased with the failure of defendant to have implemented a secondary method for inmates to address legal issues.

Defendant's motion to dismiss (D.E. 21) is ALLOWED and the case is CLOSED. Having so determined all other pending motions (D.E. 15 and 25) are DENIED as MOOT.

SO ORDERED, this the 5 day of February 2013.

                                            TERRENCE W. BOYLE
                                            United States District Judge